## Vocational Rehabilitation

RUTHERFORD, Deputy Attorney General, August 8, 1944.—This department is in receipt of your communication requesting advice as to whether the Pennsylvania Rehabilitation Acts include all the rehabilitation services for persons disabled in industry or otherwise, and their return to civil employment, as provided for in section 3 (a) of the Federal Vocational Rehabilitation Act amendments of 1943.

Specifically, you submit the following questions for interpretation:

1. May the State under the State Rehabilitation Acts provide all the rehabilitation services enumerated in section 3 (a) of the Federal Vocational Rehabilitation Act of July 6, 1943, 57 Stat. at L. 374, Public Law 113?

2. Are State funds appropriated for vocational rehabilitation available for expenditure for all these enumerated services?

3. If, under the State Rehabilitation Acts, all the services enumerated in Public Law 113 may not be provided, what services may be provided?

4. If State funds appropriated for vocational rehabilitation are not available for expenditure for all the service enumerated under Public Law 113, for which of these services may State funds be expended?

5. If State funds appropriated for vocational rehabilitation are not available for certain of the services enumerated under Public Law 113, may Federal funds be received and expended for such services?

Section 3 (a) of the Vocational Rehabilitation Act of June 2, 1920, 41 Stat. at L. 735, as amended by the Act of July 6, 1943, §1, 57 Stat. at L. 374, 29 U. S. C. §33, provides:

"(a) From the sums made available pursuant to section 2, the Secretary of the Treasury shall pay to each State which has an approved plan for vocational rehabilitation, for each quarter or other shorter payment period prescribed by the Administrator, the sum of amounts he determines to be. . . .

"(3) one-half of necessary expenditures under such plan in such period (exclusive of administrative expense) for rehabilitation services specified in subparagraphs (A), (B), (C), (D), and (E), to disabled individuals (not including war disabled civilians) found to require financial assistance with respect thereto, after full consideration of the eligibility of such individual for any similar benefit by way of pension, compensation, or insurance, such rehabilitation services being:

"(A) corrective surgery or therapeutic treatment necessary to correct or substantially modify a physical condition which is static and constitutes a substantial handicap to employment, but is of such a nature that such correction or modification should eliminate or substantially reduce such handicap within a reasonable length of time;

"(B) necessary hospitalization, in no case to exceed ninety days, in connection with surgery or treatment specified in subparagraph (A);

"(C) transportation, occupational licenses and customary occupational tools and equipment not mentioned elsewhere in this subsection;

"(D) such prosthetic devices as are essential to obtaining or retaining employment;

"(E) maintenance not exceeding the estimated cost of subsistence during training, including the cost of any necessary books and other training material.

"(4) expenditures in such period necessary for the proper and efficient administration of the plan, including necessary administrative costs in connection with providing the foregoing services to, and guidance and placement of, disabled individuals."

Section 5 (d) of the Act of July 18, 1919, P. L. 1045, 43 PS §675, expressly provides for the arrangement for therapeutic treatment, as follows:

"The Chief of the Bureau of Rehabilitation shall have power with the approval of commissioner: . . .

"(d) To arrange for such therapeutic treatment as may be necessary for the rehabilitation of any physically handicapped persons who have registered with the chief of the bureau."

Section 5 (e) provides for procuring and furnishing artificial appliances or prosthetic devices, as follows:

"(e) To procure and furnish at cost to physically handicapped persons who have registered with the chief of the bureau limbs and other orthopedic and prosthetic appliances, to be paid for in easy instal-

ments, when such appliances cannot be otherwise provided: Provided, however, That if it be shown that any physically handicapped person is unable to pay for such artificial limbs or other appliances, the chief of the bureau may direct, with the approval of the commissioner, that such limbs or appliances shall be supplied to such physically handicapped person and the cost thereof paid out of the funds appropriated for the rehabilitation activities of the bureau; such payments to be made by the State Treasurer on the warrant of the Auditor General or requisition of the Commissioner of Labor and Industry."

. Sections 5 (*f*) to (*i*) provide for training and maintenance, as follows:

"(*f*) To arrange with the Superintendent of Public Instruction for training courses in the public schools in the Commonwealth in selected occupations for physically handicapped persons registered with the chief of the bureau.

"(*g*) To arrange with any educational institution for training courses in selected occupations for physically handicapped persons registered with the chief of the bureau.

"(*h*) To arrange with any public or private organization or commercial, industrial, or agricultural establishment, for training courses in selected occupations for physically handicapped persons registered with the chief of the bureau.

"(*i*) To provide maintenance costs during the prescribed period of training for physically handicapped persons registered with the chief of the bureau: Providing, That when the payment of maintenance costs is authorized by the chief of the bureau, with the approval of the Governor, it shall not exceed fifteen dollars ($15.00) per week, and the period during which it is paid shall not exceed twenty weeks, unless an extension of time is granted by the commissioner; said payments to be made by the State Treasurer on the

warrant of the Auditor General on requisition of the Commissioner of Labor and Industry."

The Administrative Code of June 7, 1923, P. L. 498, 71 PS §1 et seq., abolished all bureaus within departments and the functions of these bureaus were given to the secretary or head of the departments. Section 2209 of The Administrative Code of April 9, 1929, P. L. 177, 71 PS §569, provides for rehabilitation as follows:

"The Department of Labor and Industry shall have the power:

"(a) To render aid to persons injured in industrial pursuits, to arrange for medical treatment for such persons, and procure artificial limbs and appliances to enable them to engage in remunerative occupations;

"(b) To make surveys to ascertain the number and condition of physically handicapped persons within the Commonwealth;

"(c) To coöperate with the Department of Public Instruction in arranging for training courses in the public schools, or other educational institutions, for persons injured in industrial pursuits, and to arrange for such courses in industrial or agricultural establishments;

"(d) To such extent as the department shall have funds available for the purpose, to provide maintenance for such injured persons during such training in such amounts as may be provided by law."

Additionally, by the Act of March 2, 1921, P. L. 12, 43 PS §641 et seq., the Commonwealth of Pennsylvania accepted the provisions and benefits of the Act of Congress approved June 2, 1920, supra. Section 2 of this act, 43 PS §642, expressly provides for the acceptance of the act of Congress by Pennsylvania, as follows:

"The Commonwealth of Pennsylvania does hereby accept the provision and benefits of the act of Congress, entitled 'An act to provide for the promotion of

vocational rehabilitation of persons *disabled in industry or otherwise* and their return to civil employment,' approved June second, one thousand nine hundred and twenty, and will observe and comply with all requirements of such act." (Italics supplied.)

Section 5, 43 PS §644, provides for a plan for cooperation as follows:

"It shall be the duty of the State Board of Education and the Department of Labor and Industry of this Commonwealth to formulate a plan of coöperation, through the Bureau of Rehabilitation of the Department of Labor and Industry, in accordance with the provisions of this act and said act of Congress. *Such plan shall become effective when approved by the Governor of the Commonwealth.*" (Italics supplied.)

Under this Acceptance Act of 1921, and the plan for coöperation set up thereunder, the Commonwealth, through the proper agencies, is empowered to promote a program of vocational rehabilitation in accord with Federal legislation and to expend State funds matched by Federal funds therefor.

Moreover, the General Appropriation Act of 1943 (Act No. 77-A) provides an appropriation for rehabilitation of $375,000 and authorizes expenditures for artificial appliances, the payment of maintenance costs and all other expenses necessary to carry out the provisions of the Rehabilitation Acts as follows:

"To THE DEPARTMENT OF LABOR AND INDUSTRY

. . . . . . . .

"For the payment of salaries, wages, or other compensation of employes engaged in administration of the laws relating to rehabilitation of persons injured in industry, and for the payment of general expenses, supplies, printing, and equipment necessary for the proper conduct of the work of the department with respect to rehabilitation, and for the purchase of artificial appliances for, and the payment of maintenance

cost of, physically handicapped persons in training, *and all other expenses necessary to carry out the provisions of the Rehabilitation Acts,* the sum of three hundred seventy-five thousand dollars ($375,000) ; and, in addition thereto, any contributions from the Federal Government or from any other source for rehabilitation shall be paid into the General Fund and credited to this appropriation." (Italics supplied.)

Formal opinion dated April 19, 1920, 1919-1920 Op. Atty. Gen. 318, referred to in your letter, no longer applies as it was written and released before the Pennsylvania acceptance of the Act of Congress of June 2, 1920, supra, on March 2, 1921.

The specific services to be rendered disabled persons eligible for vocational rehabilitation are enumerated in the above-quoted section 3(a) of the Vocational Rehabilitation Act amendments of 1943. These 1943 amendments do not involve any vital or drastic change in the program enunciated in the original 1920 Vocational Rehabilitation Act and merely set forth a more detailed statement of the rehabilitation program. Thus, this program of rehabilitation is made available to the Commonwealth of Pennsylvania under sections 2 and 5 of the Pennsylvania acceptance of the Act of Congress of June 2, 1920, supra. The plan for coöperation of the State Board for Vocational Education and the Department of Labor and Industry of the Commonwealth of Pennsylvania could include all the services enumerated in the above-quoted section 3(a), or as many of such services as the said agencies of the Commonwealth consider essential to promote an adequate vocational rehabilitation program.

The answers, therefore, to your first two questions are in the affirmative and, therefore, it is unnecessary to answer the remaining three questions.

In view of the foregoing, we are of the opinion and you are accordingly advised that the Commonwealth of Pennsylvania, through the State Board for Voca-

tional Education of the Department of Public Instruction and the Bureau of Rehabilitation of the Department of Labor and Industry, may, in its plan for cooperation, accept all services provided for in section 3 (*a*) of the Vocational Rehabilitation Act amendments of 1943, the Act of Congress of 'July 6, 1943, §1, 57 Stat. at L. 374, 29 U. S. C. §33, and State funds appropriated for vocational rehabilitation are available for expenditures for the services enumerated in section 3 (*a*) of said act of Congress.